IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INTIMATE FASHION, INC.,

    Plaintiff,

    v.

EL TELAR, INC.,

    Defendant.

CIVIL NO. 06-1204 (JAG/CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On April 23, 2009, this Court entered an Order granting the motion to withdraw as attorney filed by counsel Ricardo Pizarro for defendant counter-plaintiff El Telar, Inc. (Docket No. 158).  The Court's Order granted El Telar twenty (20) calendar days to appear with new legal representation and advised El Telar that failure to comply with the Order would entail the imposition of sanctions, which could include the entry of default as to the complaint, dismissal of the counterclaim, striking of affirmative defenses and/or monetary sanctions, among others.  The Court further ordered Attorney Pizarro to notify copy of the Order to El Telar and certify to the Court the way and manner of said notification.

On April 27, 2009, attorney Pizarro filed a motion in compliance with the Court's Order certifying that on April 23, 2009, copy of the Court's Order was sent to defendant counter-plaintiff El Telar to the two (2) e-mail addresses of Mr. Isaac Roffe-Attías included in the motion to withdraw, and that on April 27, 2009, copy of the Order was sent through certified mail to El Telar's address, P.O. Box 362469, San Juan, P.R. 00936-2469. (Docket No. 161).

On April 28, 2009, attorney Pizarro's motion in compliance was noted. (Docket No. 162).

In view of defendant counter-plaintiff El Telar's failure to comply with this Court's Order, on May 20, 2009, a motion for entry of default was filed by plaintiff counter-defendant Intimate Fashions Inc. (Docket No. 163).

On May 29, 2009, an Order was entered granting plaintiff counter-defendant's motion for entry of default, and setting a default hearing on damages for July 10, 2009, at 9:30 a.m. (Docket No. 165).

On June 4, 2009, plaintiff counter-defendant Intimate Fashions filed a "Motion to Dismiss Counterclaim" arguing that, given defendant counter-plaintiff El Telar's failure to pursue its claim against Intimate Fashions and to comply with the Court's Order, it requested from this Court that the Counterclaim be dismissed with prejudice, with the imposition of costs and attorneys fees in its favor for defendant counter-plaintiff's obstinacy in the prosecution, or lack thereof, of their claim against plaintiff counter-defendant Intimate Fashions. (Docket No. 166). This motion remains unopposed.

**DISCUSSION**

**A.     Motion to Dismiss a Counterclaim**.

Rule 41 (b) of the Federal Rules of Civil Procedure allows the court to dismiss a claim for failure of the plaintiff to prosecute or comply with a court order with the purpose of preventing the excessive congestion or delay of the calendar of the court. This rule

authorizes the court to dismiss the claims with prejudice.[1] Moreover, Rule 41 (c) establishes the provisions of Rule 41 are applicable to the dismissal of counterclaims, cross claims and third-party claims.[2]

In Jardines Ltd. Patnership v. Executive Homesearch Realty Servs, Inc., 178 F.R.D. 365, 367 (D. Puerto Rico 1998), this court noted that the First Circuit's jurisprudence has well established that the dismissal of a claim for lack of prosecution is a harsh sanction which should be used on a discretionary manner and when no other lesser sanction is available or appropriate.[3]

Moreover, in Jardines 178 F.R.D. at 367, this Court noted that "Rule 41 (b) is one manifestation of the ancient and inherent power of a trial judge "to achieve the orderly and expeditious disposition of cases." *See* Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962) . This standard was summarized in Jardines, 178 F.R.D. at 367 as follows:

> The power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits. *See Richman, supra*, at 199; Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 149 (3rd Cir. 1968). Ultimately, however, plaintiff is responsible for developing and prosecuting its own case. It is not the Court's responsibility to function as its baby-sitter.

---

[1] Fed. R. Civ. P. 41 (b) provides:
　b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

[2] Fed R. Civ. P. 41 9 ( c ) provides:
　( c ) Dismissing a Counterclaim, Crossclaim or Third Party Claim. This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim.

[3] See, *e.g.*, Zavala-Santiago v. González-Rivera, 553 F.2d 710, 712 (1st Cir. 1977);Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir. 1993); Figueroa Ruiz v. Alegría, 896 F.2d 645, 647 (1st Cir. 1990); Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971).

Intimate Fashion, Inc. v. El Telar, Inc.
Civil No. 06-1204 (JAG/CVR)
Opinion and Order
Page 4

Furthermore, the decision is left to the sound discretion of the district court. See Enlace Mercantil Internacional, Inc. v. Senior Industries., Inc., 848 F.2d 315, 316 (1st Cir. 1988). Since this is a drastic remedy, the court has a limited discretion. In Link v. Wabash R. Co., 370 U.S. at 633, the Supreme Court established that the involuntary dismissal of a claim is within the discretion of the court when it stated: "whether such an order can stand depends not on the power but whether it was on the permissible range of the courts discretion."

An involuntary dismissal under rule 41 (b), will have the effect of an adjudication on the merits and prevent the plaintiff or the defendant from conducting a later action on the claim under the doctrine of *res judicata*, except when the court specifies otherwise.[4]

When determining whether or not to dismiss a claim different factors may be taken into account, nonetheless the decision should be rendered after a careful analysis of the totality of the circumstances.[5] The Supreme Court has established that the dismissal is more likely to proceed at a later stage of the judicial process.[6] Also those delays taken into account have to be attributable to the proponent of the claim that is trying to be dismissed under the Rule 41 (b).

Moreover, Link, 370 U.S. 626 at 632, discusses that the adequacy of the notification depends on the particular circumstances of the case and on the knowledge the adverse party

---

[4] 8 James Wm. Moore et al, Moore's Federal Practice § 41.50, 195 (3d ed. 2009).

[5] 8 James Wm. Moore et al, supra, at.200.

[6] Link, 370 U.S. 626 at 633.

Intimate Fashion, Inc. v. El Telar, Inc.
Civil No. 06-1204 (JAG/CVR)
Opinion and Order
Page 5

may have of the consequences of their actions or inactions; the Supreme Court specifically states:

> The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.

**B.     Application to this Case.**

Turning to the instant case, on April 23, 2009, four (4) days before the Non-Jury Trail was scheduled to commence, counsel Pizarro filed a motion to withdraw as legal counsel for defendant counter-plaintiff El Telar for lack of communication with his client. At that time, El Telar was given (20) days to appear with new legal counsel. On said occasion, the Court warned defendant counter-plaintiff El Telar that the failure to comply with said order could result in the imposition of sanctions which could include the dismissal of the counterclaim, among others.  To this day, El Telar has failed to comply with this Court's Order inasmuch as it has failed to appear with new legal counsel within the deadline established by the Court.  In addition, El Telar did not file an opposition to the "Motion for Default Entry" (Docket No. 163) nor did it file an opposition to the "Motion to Dismiss Counterclaim" (Docket No. 166).

Thus, even though defendant counter-plaintiff El Telar was warned on April 23, 2009 that it shall appear with new counsel and was apprised of the possibility of the dismissal of its Counterclaim, among other possible sanctions (Docket No. 158), El Telar has failed to comply with the orders of this Court inasmuch as it has failed to retain new

counsel. El Telar's inaction is also evidenced by the fact that default has been entered against it and the hearing on damages has been scheduled for July 10, 2009 (Docket Nos. 163 and 165) and El Telar has not taken any action. No motions or extensions or time have been filed by El Telar, either through new counsel or *pro se*, in this case after its counsel resigned two (2) months ago. Moreover, we also note the docket of this case shows the lack of communication between former counsel for El Telar and its client started since December 2008. (Docket Nos. 156 and 157). Thus, a review of the docket of this case shows El Telar's lackadaisical attitude in the handling of this case and in prosecuting its claims as contained in its Counterclaim.[7]

Finally, the docket of this case shows that El Telar and its representatives have been notified of the Orders of this Court after El Telar's legal representative withdrew from the case. For example, the Order entered on Motion in Compliance at Docket No. 162, the Order on Motion for Entry of Default at Docket No. 165 and the Order on Motion for Miscellaneous Relief at Docket No. 168 were notified by the Clerk's Office to El Telar and Mr. Isaac Roffe-Attias by mail. None of these notifications appear on the docket as having been returned by the US Postal Service for failure to deliver. These notifications further show that El Telar and its representatives have been advised of the orders of this Court, after El Telar's former counsel withdrew from the case, and they have knowingly chosen to disregard said orders and not to prosecute their claims.

---

[7] The complaint in this case was filed back on February 28, 2006, that is, more than three (3) years ago. (Docket No. 1). On March 27, 2009, the "Notice to Counsel filed in Misc. 09-59" related to measures to address the congestion of the civil docket in civil cases which are three (3) years old and older like this one was entered in this case (Docket No. 155).

Intimate Fashion, Inc. v. El Telar, Inc.
Civil No. 06-1204 (JAG/CVR)
Opinion and Order
Page 7

The law is well established in the First Circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal. *See* Farm Construction Services v. Fudge, 831 F.2d 18, 20 (1st Cir, 1987); Brockton Savings Bank v. Peat, Marwick, Mitchell & Co,, 771 F.2d 5, 12 (1st Cir. 1985); Damiani v. Rhode Island Hospital, 704 F.2d 12, 15-16 (1st Cir. 1983); Asociación de Empleados v. Rodríguez Morales, 538 F.2d 915, 917 (1st Cir. 1976).

Accordingly, plaintiff counter-defendant Intimate Fashions' "Motion to Dismiss Counterclaim" is **GRANTED** without the imposition of costs and attorneys fees.

## CONCLUSION

In view of the foregoing, plaintiff counter-defendant Intimate Fashions' "Motion to Dismiss Counterclaim" is **GRANTED** without the imposition of costs and attorneys fees. Hence, defendant counter-plaintiff El Telar's Counterclaim is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, the 29th day of June of 2009.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**